UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND (Providence)

| In Re: | Case Number 1:25-bk-10951 |
|---|---|
| Rosetta W. Evans | Chapter 7 |

**MOTION OF THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS SUCCESSOR TRUSTEE FOR JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF POPULAR ABS, INC. MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-3 FOR RELIEF FROM THE AUTOMATIC STAY AND FOR LEAVE TO FORECLOSE MORTGAGE AND MEMORANDUM IN SUPPORT THEREOF**

The Bank of New York Mellon f/k/a The Bank of New York as successor trustee for JPMorgan Chase Bank, N.A., as Trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-3 (hereinafter referred to as the "Movant"), a secured creditor, hereby moves this Court for Relief from the Automatic Stay pursuant to Bankruptcy Rules 4001 and 9014 and 11 U.S.C. Section 362(d) and for leave to foreclose a certain mortgage encumbering the property owned by the Debtor, known as *99 Washington Avenue, Providence, RI 02905*. In support of this Motion, Movant states as follows:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. 1334 and 28 U.S.C. 157(b)(2)(G).  This case relates to a case under Title 11 of the United States Code (the "Bankruptcy Code").  This proceeding is a "core" proceeding as this term is defined in the Code.

2. On December 2, 2025, Rosetta W. Evans (hereinafter referred to as the "Debtor") filed a voluntary Chapter 7 Petition in Bankruptcy.

3. Movant is the current holder of a certain mortgage given by the Debtor to Wilmington Finance, a division of AIG Federal Savings Bank in the original principal amount of $172,900.00 dated May 5, 2005, and recorded with the City of Providence Land Evidence Records at Book 7271, Page 29 (the "Mortgage").  A copy of the Mortgage is attached hereto as Exhibit A.

4. The Mortgage secures a promissory note of even date and original principal amount given by the Debtor to Wilmington Finance, a division of AIG Federal Savings Bank (the "Note") of which Movant is the current holder.  ***The obligation set forth in the Note matured on June 1, 2025***.  A copy of the Note is attached hereto as Exhibit B.

5. Wilmington Finance, a division of AIG Federal Savings Bank assigned the Mortgage to Mortgage Electronic Registration Systems, Inc. by assignment dated May 23, 2005, and recorded with the City of Providence Land Evidence Records at Book 8389, Page 50, a copy of which is attached hereto as Exhibit C.  Mortgage Electronic Registration Systems, Inc., in turn, assigned the Mortgage

to The Bank of New York Mellon f/k/a The Bank of New York as successor to JP Morgan Chase Bank, N.A. as Trustee for the Benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-3 by assignment dated October 27, 2009, and recorded with the City of Providence Land Evidence Records at Book 9561, Page 223, a copy of which is attached hereto as <u>Exhibit D</u>.  Mortgage Electronic Registration Systems, Inc. further assigned the Mortgage to The Bank of New York Mellon F/K/A The Bank of New York as Successor Trustee for JPMorgan Chase Bank, N.A., as Trustee for the Benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-3 by assignment dated October 5, 2015, and recorded with the City of Providence Land Evidence Records at Book 11242, Page 209, a copy of which is attached hereto as <u>Exhibit E</u>.  The current loan servicer for the Movant is PHH Mortgage Corporation.

6. The Mortgage encumbers real property known as *99 Washington Avenue, Providence, RI 02905* (hereinafter referred to as the "Property").  Copies of the Mortgage and Note are attached hereto as <u>Exhibits</u> "<u>A</u>" and "<u>B</u>" respectively.  The Mortgage is in first lien position.  Aside from the Property, there is no other collateral securing the Debtor's obligation to Movant.

7. The Debtor has defaulted on the Note and Mortgage by failing to pay the total debt owed to Movant.

8. As of December 5, 2025, the balance due Movant on the Note was approximately $28,418.70 (may not include negative escrow balances or recent escrow advances).  The full amount of the Movant's claim together with allowable post-petition interest, reasonable attorney fees, court costs, and other recoverable expenses is secured by the Mortgage. ***This total debt amount is immediately due and payable as the loan matured on June 1, 2025***.

9. According to the Debtor's Schedules, the fair market value of the Property is $377,100.00.  Accepting the Debtor's valuation for purposes of this motion only, the liquidation value of the Property is $356,010.34 based upon a usual and customary broker's commission of $18,855.00 (5% of stated fair market value), deed stamps of $1,734.66, and $500.00 in miscellaneous estimated closing costs.

10. In addition to the Mortgage to Movant, there are outstanding liens on the Property as follows:

| Lien | Type | Amount | Book/Page |
|---|---|---|---|
| Movant | Mortgage | $28,418.70 (as of 12/05/25) | 7271/29 |
| Bank One Delaware | Execution | $9,564.00 (per Debtor's Schedules) | 6962/206 |

The total of all liens on the Property is approximately $37,982.70.

11. Movant is entitled to Relief from the Automatic Stay for cause pursuant to Section 362(d)(1) of the Code inasmuch as the Debtor has failed to pay the total debt owed to the Movant upon the loan's maturity, in violation of the terms of the Note and Mortgage.

12. **Within fourteen (14) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.**

WHEREFORE, Movant requests that this Honorable Court:

(a) Grant Movant Relief from the Automatic Stay pursuant to 11 U.S.C. Section 362(d) and for leave to Foreclose Mortgage, allowing Movant, its successors or assigns to foreclose said mortgage (including, at its sole option, leave to accept a deed-in-lieu of foreclosure from the Debtor, their heirs, successors, assigns or transferees); and for it or a third party purchaser to prosecute summary process proceedings to evict any persons residing in the Property.

(b) In the alternative, order Debtor to provide Movant with adequate protection of its claim; and

(c) Grant such other Relief as this Honorable Court may deem just.

Date: December 31, 2025

Respectfully submitted,
The Bank of New York Mellon f/k/a The Bank of New York as successor trustee for JPMorgan Chase Bank, N.A., as Trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-3
By its attorney,

/s/Paul G. Manning, Jr.
Paul G. Manning, Jr., Esquire
RI Bar # 7124
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
(978) 256-1500
bankruptcy@kordeassociates.com